IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL SCHOOLEY, | ) |
|     Plaintiff, | ) Civil Action No. 14 – 1634 |
| v. | ) District Judge Nora Barry Fischer |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al*., | ) Magistrate Judge Lisa Pupo Lenihan |
|     Defendants. | ) |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the following reasons, it is respectfully recommended that the Court grant the Motion for Summary Judgment (ECF No. 56) filed by Defendants Briggs, Kelly and Smith.

## II. REPORT

### A. Procedural Background

On November 30, 2013,[1] Plaintiff Russell Schooley, an inmate at the State Correctional Institution at Greene, Waynesburg, Pennsylvania ("SCI-Greene"), initiated the instant civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 in the Scranton Division of the United States District Court for the Middle District of Pennsylvania. Plaintiff's Complaint was received and

---

[1] This is the filing date under the "mailbox rule." Pennsylvania and federal courts employ the prisoner mailbox rule. *See* Perry v. Diguglielmo, 169 Fed. Appx. 134, 136 n.3 (3d Cir. 2006) (citing Commonwealth v. Little, 716 A.2d 1287 (Pa. Super. Ct. 1998)); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's *pro se* pleading is deemed filed when delivered to prison officials for mailing. *See* Burns, 134 F.3d at 113; Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox).

1

docketed on December 4, 2013 in C.A. No. 3:CV-13-2929. (ECF No. 1.) Plaintiff then filed an Amended Complaint that was received and docketed on April 8, 2014. (ECF No. 12.)

On April 28, 2014, Magistrate Judge Blewitt in the Middle District Court screened Plaintiff's Amended Complaint under the Prison Litigation Reform Act ("PLRA") and issued a Report and Recommendation ("R&R")dismissing some claims and defendants. (ECF No. 14.) The R&R was later adopted in part and overruled in part by Court Order dated May 23, 2014. (ECF No. 19.)

On September 12, 2014, Plaintiff motioned to have this case transferred to the Western District, (ECF No. 27), and his request was granted by Order dated December 1, 2014. (ECF No. 34.) The case was transferred to this Court on December 2, 2014, and opened in the above action case number. (ECF No. 35.)

On June 12, 2015, the Defendants filed a Motion for Summary Judgment in regards to the remaining claims that the Middle District Court had not dismissed in its Order dated May 23, 2014. (ECF No. 56.) Plaintiff responded in opposition to their Motion on July 8, 2015, (ECF Nos. 61, 62), and Defendants responded by filing a reply on July 20, 2015, (ECF No. 63). The Motion is now ripe for review.

**B. Factual Background**

Plaintiff, an inmate at SCI-Greene, filed Grievance 379281 on August 29, 2011. In Grievance 379281, Plaintiff alleged that on August 26 and 27, 2011, Officer Smith took Plaintiff's auto mechanic textbooks from another inmate and failed to deposit them in Plaintiff's

property or issue him a confiscation slip. Plaintiff claimed that the value of the college course he took, including the textbooks that Officer Smith had taken, was $749. (Defs.' Ex. 1, p.1.)[2]

Lt. Kelly was assigned to investigate Plaintiff's claim. (Defs.' Ex. 1, p.2); (Defs.' Ex. 2, ¶ 2.) It was discovered that Plaintiff had excess property and was required to reduce the amount of property in his possession. According to Lt. Kelly, Plaintiff chose to ship various items out of the institution, including his auto mechanic text books. (Defs.' Ex. 1, p.2.) Officer Smith and Officer Briggs saw Plaintiff place his textbooks into the box of property to be shipped. (Defs.' Ex. 3, ¶ 2; Ex. 4, ¶ 2.) Plaintiff signed a slip showing each item that was to be shipped, including the textbooks. (Defs.' Ex. 1, p.2; Ex. 3, ¶ 3.) After the books and other property were placed in the box, it was placed in the shipping room. (Defs.' Ex. 3, ¶ 4; Ex. 4, ¶ 3.)

Inmate packages are shipped out of the institution once per week. (Defs.' Ex. 2, ¶ 4.) Once Lt. Kelly received Grievance 379281, he checked to see if the package was still in the shipping room. Id. He discovered that it was still there, opened the package and discovered the auto mechanic textbooks inside. Id. These were the same auto mechanic textbooks that Plaintiff had claimed in Grievance 379281 that Officer Smith had taken from him. Id. Following this revelation, Lt. Kelly brought Plaintiff into his office and revealed to him that he had discovered Plaintiff's fraud and attempt at extortion. Id. at ¶ 5. Plaintiff told Lt. Kelly that he had placed the textbooks in the package by accident. Id. Lt. Kelly then retuned the books to Plaintiff, id., and denied Grievance 379281 as frivolous and an attempt to extort money out of the institution, (Defs.' Ex. 1, p.2).

Lt. Kelly also issued Plaintiff Misconduct B396071 for violating the Pennsylvania Crimes Code, specifically, attempted theft by deception by attempting to defraud the state $749

---

[2] Defendants' exhibits are docketed at ECF No. 59-1, and they will be referred to herein by their exhibit number.

for falsely claiming that his property had been taken from him when he in reality tried to ship it out of the institution, as well as for lying to an employee. (Defs.' Ex. 2, ¶ 6; Ex. 5, p.1.) Plaintiff was found guilty of lying to an employee and given 30 days disciplinary custody. (Defs.' Ex. 2, ¶ 6; Ex. 5, pp.8-9.) Plaintiff appealed Misconduct B396071 through final review and those appeals were denied. (Defs.' Ex. 5, pp.11, 14-15.)

Plaintiff also appealed Grievance 379281 to the Superintendent and then to final review. (Defs.' Ex. 1, pp.4-5.) Plaintiff's appeal to final review was dismissed on December 1, 2011 because he did not provide the required documentation. Id. at p.5. Subsequent to filing Grievance 379281, Plaintiff filed several other grievances and submitted request slips on the same issue. (Defs.' Ex. 6.) Each of these grievances was rejected. (Defs.' Ex. 6, pp.2, 4, 7, 9, 13, 21.)

**C. Standard of Review**

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of identifying evidence, or the lack thereof, which demonstrates the absence of a genuine issue of material fact. Nat'l State Bank v. Fed.l Reserve Bank of New York, 979 F.2d 1579, 1581-82 (3d Cir. 1992) (citing Celotex, 477 U.S. at 323-25). Once that burden has been met, the nonmoving party may not rest on the allegations in the complaint, but must "go beyond the pleadings and by [his] own affidavits, or by the

4

'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e) (1963). *See also* Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995) ("plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case.") (citing Celotex, *supra*).

An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Finally, while any evidence used to support a motion for summary judgment must be admissible, it is not necessary for it to be in admissible form. *See* FED. R. CIV. P. 56(c)(2); Celotex, 477 U.S. at 324; J.F. Feeser, Inc., v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990).

### D. Discussion

Plaintiff's remaining claims in this action are retaliation claims and a § 1985 conspiracy claim against Defendants Smith, Briggs and Kelly.

#### 1. Retaliation based on Misconduct B396071

Plaintiff claims that Defendant Kelly retaliated against him by issuing him Misconduct B396071 for filing Grievance 379281 against Defendant Smith. He also alleges that Defendants Smith and Briggs provided identical false witness statements in support of the Misconduct and that Defendants Briggs and Kelly acted in order to protect their friend and co-worker, Defendant Smith.

These retaliation claims are time-barred. Plaintiff seeks recovery against Defendants under 42 U.S.C. § 1983. The limitations period for civil actions brought under 42 U.S.C. § 1983

is determined by state law.[3]  Under Pennsylvania law, the applicable limitations period for civil rights actions asserted under 42 U.S.C. § 1983 is two years.  *See* 42 Pa. C.S. § 5524.

The date when a civil rights action accrues (begins to run) is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring).  A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the defendant.  *See* Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the state of the limitations period); Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

The Third Circuit Court of Appeals has recently held that the statute of limitations is tolled while a prisoner-plaintiff exhausts his administrative remedies.  Pearson v. Secretary Dept. of Corrections, 775 F.3d 598 (3d Cir. 2015).  In this case, Plaintiff's appeal to final review was denied on November 15, 2011. (Defs.' Ex. 5, p.15.)  Pursuant to the mailbox rule, *see* FN 1, *supra*, the filing date for this action is November 30, 2013, the day that Plaintiff dated his original Complaint, (ECF No.1 ), even though that Complaint was not docketed until December 4, 2013.  More than two years passed since the time Plaintiff's final appeal was denied. Therefore, Plaintiff's retaliation claim based on the issuance of Misconduct B396071 is time-barred and should be dismissed for this reason.

### 2. **Retaliation based on Grievance 379281**

---

[3] *See* Goodman v. Lukens Steel Correctional Officer, 482 U.S. 656, 662 (1987) (42 U.S.C. § 1981); Wilson v. Garcia, 471 U.S. 261, 272-76 (1985) (42 U.S.C. § 1983); Bougher v. University of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989) (42 U.S.C. § 1985).

Plaintiff alleges that Defendant Smith confiscated, lost, unlawfully took and/or destroyed his auto mechanic textbooks in retaliation for him filing Grievance 379281 on August 29, 2011, in which Plaintiff claimed that Defendant Smith took Plaintiff's textbooks from another inmate and failed to deposit them in Plaintiff's property or issue him a confiscation slip. Additionally, although it is not clear, Plaintiff may be asserting a retaliation claim against Defendant Kelly for failing to ship Plaintiff's property box home after he allegedly intercepted it in the mail room during his investigation into Plaintiff's Grievance 379281. In support of his claim that the textbooks were confiscated, lost, stolen or destroyed, Plaintiff states that funds were never deducted out of his account and that his mother never received the box of property that he attempted to ship to her on August 26, 2011. Plaintiff has submitted the declaration of Linda Bertaso, his mother, wherein she states that she never received the property box or Plaintiff's textbooks that are in question. (ECF No. 64.)

These claims should be dismissed because they were not exhausted. Through the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress amended 42 U.S.C. § 1997e(a) to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides, in pertinent part, as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is required under this provision regardless of the type of relief sought and the type of relief available through administrative procedures. *See* Booth v. Churner, 532 U.S. 731, 741 (2001). In addition, the exhaustion requirement applies to all claims relating

7

to prison life which do not implicate the duration of the prisoner's sentence, including those that involve general circumstances as well as particular episodes. *See* Porter v. Nussle, 524 U.S. 516, 532 (2002). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies prior to filing the action. *See* Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").

Here, it is undisputed that Plaintiff filed several grievances regarding his property box that he claims Defendant Kelly never shipped out of the institution after allegedly intercepting it as part of the investigation he conducted into Plaintiff's Grievance 379281 against Defendant Smith. *See* Defs' Ex. 6. However, nowhere in those grievances does Plaintiff complain that his auto mechanic textbooks were confiscated, destroyed, stolen and/or lost *in retaliation* for him filing Grievance 379281 against Defendant Smith. Furthermore, Plaintiff did not property exhaust any of those grievances. Id.; *see also* Pl.'s Exs. 7, 8, ECF No.62-1 at pp.41, 42. The only grievance Plaintiff appealed to final review was Grievance 379281, which was not in regard to this retaliation claim because it is the underlying subject of this claim; but, in any event, he did not properly exhaust that claim because his final appeal was rejected for not following proper grievance procedure, *see* Defs' Ex. 1. *See* Woodford v. Ngo, 548 U.S. 81, 90-91, 93 (2006) (The PLRA mandates that inmate "properly" exhaust administrative remedies before filing suit in federal court, and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .") For this reason, Plaintiff's retaliation claims relating to the confiscation, destruction and/or theft of his auto mechanic textbooks for filing Grievance 379281 should be dismissed.

### 3. 42 U.S.C. § 1985 Conspiracy[4]

Plaintiff's final claim is that the three Defendants acted together to fabricate misconduct charges against him to cover up the destruction and/or theft of his property. In support of this claim, he states that Defendants Smith and Briggs wrote identical false statements in support of the Misconduct B396071, which in turn was issued by Defendant Kelly in retaliation for Plaintiff's filing of Grievance 379281 against Defendant Smith.

This claim fails for the same reason as stated above: it is time-barred, *see* FN 3, *supra*, and Plaintiff did not properly exhaust his administrative remedies. Furthermore, this § 1985 conspiracy claim fails because he did not allege that the Defendants entered into a conspiracy motivated by "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Farber v. City of Patterson, 440 F.3d 131, 135 (3d Cir. 2006) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)) (emphasis omitted). Therefore, it is recommended that this claim also be dismissed.[5]

---

[4] Plaintiff originally styled his claim as a § 1986 claim, but, because such a claim would be barred by the one-year statute of limitations, the Middle District Court liberally construed the claim as a § 1985 claim for conspiracy to interfere with civil rights. (ECF No. 19).

[5] It is noted that Plaintiff disputes Defendants' claims that he put the auto mechanic textbooks in with his property to be shipped to his mother, that the cash slip actually showed each item that was to be shipped, and that Defendant Kelly returned the books to him after intercepting the package in the mailroom. However, in Plaintiff's grievances dated October 28, 2011 (Nos. 387803/389688), December 11, 2011 (No. 392727), and January 23, 2012 (No. 398453), and in an Inmate Request to Superintendent Folino dated October 6, 2011, he admits that he signed a cash slip on August 26, 2011 to ship a box of property home, and that the box contained, among other items, his auto mechanic textbooks. (Defs.' Ex. 6, at pp. ECF No. 59-1). In another Inmate Request to Superintendent Folino dated November 28, 2011, Plaintiff admitted that he had written proof that his textbooks were in the property box and that the box was in his presence before it was sent out for shipping. Id.

Except for the declaration of Plaintiff's mother, who declared that she never received Plaintiff's property, there is no evidence of a causal connection between any of the Defendants and the confiscation, destruction and/or loss of his property. The mere fact that an adverse action, *i.e.* the loss of his auto mechanic textbooks, occurred after he filed a grievance is relevant, but not

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court grant the Motion for Summary Judgment (ECF No. 56) filed by Defendants Briggs, Kelly and Smith.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: February 12, 2016.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Russell Schooley
HY-6184
175 Progress Drive

---

dispositive, for the purpose of establishing a causal link between the two events. *See* Lape v. Pennsylvania, 157 F. App'x. 491, 498 (3d Cir. 2005).

Moreover, based on Plaintiff's own statements, the loss of his textbooks could not have occurred with Defendant Smith's initial involvement because Plaintiff admits that he saw his books thereafter when they were put into a box for shipping. Assuming that the loss occurred sometime after, Plaintiff has not presented sufficient evidence to establish the third prong of his retaliation claim, that Defendants' intentionally confiscated, lost or destroyed his property because he filed Grievance 379281. Additionally, the mere fact that his mother never received the box of property, and that Plaintiff's account was never deducted for the cost of shipping, is not sufficient evidence to establish the second prong of a retaliation claim, an adverse action at *the hand of the Defendants*, *i.e.* that Defendants were the ones responsible for the loss of his property whether it be by confiscation, destruction or otherwise. Therefore, even if Plaintiff's claims were not subject to dismissal as time-barred or unexhausted, Defendants would nevertheless be entitled to summary judgment on his retaliation claims for these stated reasons.

Greene State Correctional Institution
Waynesburg, PA  15379

Counsel for Defendants
*Via CM/ECF Electronic Mail*